[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I STATEMENT OF THE CASE
The plaintiff, Maria Vereb, filed a revised two-count complaint on February 29, 2000, alleging causes of action for defamation (count one) and negligent infliction of emotional distress (count two) against the defendant, attorney Joseph Sweeney. Both causes of action are based on a letter dated March 12, 1999, that the defendant wrote to the assistant attorney general regarding the plaintiff's conduct during a hearing before the Probate Court. The defendant represented one of the parties involved in the hearing. The plaintiff alleges that as a result of this letter, her employer, the Connecticut department of social services, formally accused her of misconduct and of engaging in activity detrimental to the best interests of the state in violation of §§5-240-1a (c) (11) and (13)[1], and subjected her to a formal investigation thereunder. The defendant filed an answer and special defenses in which he asserts the special defense of privilege.
On February 20, 2001, the defendant filed a motion for summary judgment as to both causes of action on the ground that the statements he made in CT Page 13940 the March 12, 1999 letter were absolutely privileged. On March 9, 2001, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment in which she contends that the defendant's statements were not privileged. The defendant filed a reply memorandum on April 24, 2001, but no counter affidavits or evidence.
 II DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906
(2001).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). Summary judgment is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995).
The defendant asserts two arguments in support of his contention that his statements were privileged. First, he claims that he made the statements during the course of and in relation to a judicial proceeding in which he was participating as counsel. Second, he claims that his statements were made in contemplation of an administrative proceeding. In support of his position, the defendant submitted a copy of the letter, his own affidavit and the plaintiff's responses to the defendant's interrogatories and requests for production. The plaintiff responds that the letter had nothing to do with the Probate Court proceeding and that the only statement the defendant makes with respect to the probate hearing is that the plaintiff was present. The plaintiff further argues that whether the defendant wrote the letter in connection with a judicial CT Page 13941 or quasi-judicial proceeding is a question of fact for the jury. In addition, the plaintiff contends that even if the court finds that the statements were made in connection with this type of proceeding the defendant made them maliciously and without probable cause. The plaintiff has not submitted any evidence to support of her factual claims.
Contrary to the plaintiff's assertion, the issue of "[w]hether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine. . . ." Bleich v.Ortiz, 196 Conn. 498, 501, 493 A.2d 236 (1985). "There is a `long standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.' CircusCircus Hotels, Inc. v. Witherspoon, 99 Nev. 56, 60, 657 P.2d 101 (1983)."Petyan v. Ellis, 200 Conn. 243, 245-46, 510 A.2d 1337 (1986).
The definition of a "judicial proceeding to which [absolute] immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function ex parte or otherwise and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contest." (Internal quotation marks omitted.) Kelley v. Bonney,221 Conn. 549, 566, 606 A.2d 693 (1992). Further, the privilege "extends to every step of the proceeding until final disposition;" (internal quotation marks omitted) id.; "including preparation of that proceeding." (Citations omitted; internal quotation marks omitted.) Beebe v. Beebe, Superior Court, judicial district of New London at Norwich, Docket No. 103684 (October 16, 1995, Austin, J.).
"The common law privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy. . . . Thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding." (Citation omitted.) Petyan v. Ellis, supra, 200 Conn. 251-52. As stated in Section 586 of the Restatement (Second), Torts, "`[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.'" Irwin v. Cohen, 40 Conn. Sup. 259, 261, 490 A.2d 552
(1985). Thus, "[i]n deciding whether an absolute privilege exists, courts determine whether the alleged defamatory statements are sufficiently preliminary to, or during the course of a proposed or continuing judicial proceeding." Id., 262-63. Pursuant to this standard, in Irwin v. Cohen, the court granted the defendant's motion for summary judgment because the CT Page 13942 communication at issue was between two attorneys, concerned a divorce action, and, therefore, "was sufficiently preliminary to, or during the course of, a proposed or continuing judicial proceeding." Id., 263.
In this case, in the letter at issue, the defendant specifically refers to the pending probate proceeding. He states that he represents the individual who was a party in the Probate Court case, and the issues he addresses pertain, inter alia, to the plaintiff's conduct during the course of a hearing before the Probate Court as well as her conduct in "advising" the court thereafter. The defendant concludes the letter by stating that "your prompt attention to this matter is requested as [my client's] liberty is at stake with the determination of the Fairfield Probate Court." (Defendant's Memorandum, Exhibit A.) In his affidavit the defendant states that he wrote the letter for the purpose of requesting an investigation into the plaintiff's conduct during the probate hearing. (Defendant's Memorandum, Exhibit B.) The plaintiff has not submitted any affidavits or other evidence to dispute these assertions. See Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795 (1995) (When a party moves for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof") Accordingly, there are no genuine issues of material fact that the defendant made his statements in connection with a judicial proceeding and the statements were related thereto. Thus, the statements are absolutely privileged.
The court also concludes that there are no genuine issues of material fact that the defendant's communication was made in furtherance of an administrative proceeding. "[Luke the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are `quasi-judicial' in nature." (Internal quotation marks omitted.) Kelley v. Bonney, supra,221 Conn. 565-66. "Once it is determined that a proceeding is quasi-judicial in nature, the absolute privilege that is granted to statements made in furtherance of it extends to every step of the proceeding until final disposition." (Internal quotation marks omitted.) Id. The factors that are used in determining whether a proceeding is quasi-judicial in nature are "whether the body has the power to: (1) exercise judgment and discretion; (2) hear and determine or ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of the issues on a hearing; and (6) enforce decisions or impose penalties." Kelley v. Bonney, supra, 221 Conn. 567.[2]
In this case, the defendant addressed his letter to the office of the CT Page 13943 attorney general and states therein that he is concerned that the plaintiff, a state employee, acted improperly and to advance her personal interests. (Defendant's Memorandum, Exhibit A, p. 1.) In his affidavit, the defendant asserts that he wrote the letter to request that the office of the attorney general investigate the plaintiff's conduct as it related to the Probate Court proceeding involving his client. (Defendant's Memorandum, Exhibit B, ¶¶ 7, 8.) Again, the plaintiff does not submit any evidence that raises an issue of fact as to the defendant's assertions. Indeed, the plaintiff confirms that her employer notified her that an allegation had been made that she had engaged in misconduct in relation to the Probate Court in violation of the provisions of §§5-240-1a (c) (11) and (13).[3] (Defendant's Memorandum, Exhibit E, ¶ 10.) In her complaint, the plaintiff alleges the department conducted an investigation pursuant to the defendant's letter; (Revised Complaint, count one, ¶ 3.); and she states that several individuals gave testimony and or statements pertaining thereto. (Defendant's Memorandum, Exhibit E, ¶ 11.)
Pursuant to General Statutes § 5-240 and sections 5-240-1a through5-240-8a of the Regulations of Connecticut State Agencies, state agencies are vested with the power to make decisions regarding employee discipline. The regulations detail the actions an agency is permitted to take once it has determined that it has "just cause" for doing so. Regs., Conn. State Agencies §§ 5-240-2a through 6a. In section 5-240-1a
(c), the regulations define the conduct that constitutes "just cause." The pre-discipline procedures set out in the regulations requires the agency to provide the employee with notice and a meeting at which the employee has the opportunity to present his or her position. Upon finding it has just cause, the agency has the discretion to reprimand, suspend, demote, or dismiss the employee. Regs., Conn. State Agencies §§ 5-240-2a
through 5-240-5a. The postdiscipline procedures provide that the agency must notify the employee of its decision and that the decision becomes effective within a set time thereafter. Regs., Conn. State Agencies § 5-240-7a.
These regulations demonstrate that state agencies have significant authority to conduct proceedings pertaining to employee discipline that are quasi-judicial in nature. Consequently, the court finds that that there is no genuine issue of material fact that the defendant's statements were made in furtherance of an administrative proceeding and are entitled to absolute privilege.
This court's conclusion that the defendant's statements are absolutely privileged because they are related to judicial and administrative proceedings operates not only to preclude plaintiff's cause of action for defamation under the first count of the revised complaint, but also CT Page 13944 operates to preclude the plaintiff's cause of action for negligent infliction of emotional distress under the second count. Kelly v.Bonney, supra, 221 Conn. 571-72 n. 15 ("Because the plaintiff's intentional infliction of emotional distress cause of action was founded upon the same conduct as his defamation claim, absolute privilege also bars recovery on that claim.").
Finally, the plaintiff argues that even if the defendant's statements are shielded by absolute privilege, the defendant is not allowed to claim the privilege because he made the statements without probable cause and with malice. She asserts that this is a question of fact for the jury to determine. This argument is not applicable here because once it has been determined that a statement is absolutely privileged, the effect is "that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Petyan v. Ellis, supra,200 Conn. 246.[4] "It is only the qualified or conditional privilege that may be abused or lost by malice, improper motive, or bad faith."Irwin v. Cohen, supra, 40 Conn. Sup. 262. Thus, "[i]f the court determines that the defendant's communication was absolutely privileged, then the defendant is entitled to summary judgment." Id.; see alsoBraunstein v. Hayes Thynne P.C., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117928 (February 9, 1994,Lewis, J.).
 III CONCLUSION
Therefore, for these reasons, the defendant Joseph Sweeney's motion for summary judgment is hereby granted.
So ordered this 5th day of October 2001.
STEVENS, J.